UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M COSENTINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00426-DDN |
| | ) |
| ST. CHARLES COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Timothy M Cosentino to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review the Court will order plaintiff to file an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2) for December 1, 2021 through March 27, 2022. Having reviewed this statement, the Court finds plaintiff has an average monthly deposit of $30.40. The Court will order plaintiff to pay an initial partial filing fee of $6.08, which is 20% of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff is a pretrial detainee being held at the St. Charles County Jail in St. Charles, Missouri. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against defendants the St. Charles County Jail and Officer Jenson. He sues both defendants in their official capacities only.

Plaintiff's allegations concern the medical treatment of three broken teeth. On January 28, 2022, plaintiff cracked three teeth while eating uncooked beans served for dinner at the St. Charles County Jail. The cracked teeth exposed nerves and caused plaintiff extreme pain. Plaintiff alleges he could not eat due to this pain. He immediately submitted a medical request, but it took the jail until March 4, 2022 to finally pull his three teeth. In the meantime, he was prescribed pain medications, but on three separate occasions medical staff at the jail stopped his pain medications, He was left in pain and unable to eat. Plaintiff alleges he could feel his heart beating through his teeth. Because of the condition of these three teeth, plaintiff requested that the jail puree all of his meals.

Plaintiff alleges Officer Jenson ridiculed him because he could not eat. Jenson would push the food tray through plaintiff's chuck hole and say, "Here's your baby food." Plaintiff filed grievances with the jail concerning these issues.

Plaintiff also complains that he was not allowed to eat his meals in the day room, but rather had to eat them in his cell by the toilets. "There is nowhere to sit without trying to balance the tray on lap and it has hit the floor on occasion and forced to eat food off floor or not eat at all because Officer Jenson refused to replace tray or let us eat at tables in day room."

Plaintiff also complains that he was not allowed to have tablet computers in his cell while N-Pod and M-Pod were allowed tablet computers. Inmates that were allowed tablets in their cells

were allowed to make calls, earn free time, and take education classes. Plaintiff alleges the jail's refusal to allow him a tablet in his cell violates his Fourteenth Amendment rights and constitutes deliberate indifference under the Eighth Amendment. Plaintiff also states that the jail is "impeding his right to due process" because "lack of law library and having to wait on kiosk to access it. No privacy to fight my case."

On April 4, 2022, plaintiff was put on lock down for having a tablet in his cell. While on lockdown, plaintiff states that he was not given his hour of free time out of his cell to shower, make calls, or try to access the law library. He states that inmates on disciplinary segregation are allowed one hour a day out of their cells, but he was not allowed his hour. He alleges he was locked in his cell for more than forty hours, and alleges the guards deliberately kept him there because he asked for a § 1983 complaint form and has filed prior grievances. Specifically, plaintiff states that he was locked in his cell from April 4, 2022 at 3:15 p.m. until the morning of April 6, 2022 with no access to the shower, a phone, or the law library.

Finally, plaintiff alleges generally that "I feel my civil rights have been violated time and time again during my incarceration at St. Charles County Jail and they don't care about laws they are supposed to follow, are they above these laws? And I'm suppose[d] to be innocent until I'm convicted. I don't feel innocent at all here."

For relief, plaintiff seeks to have the medical procedures at the jail changed so "never another inmate left to medical neglect of medication." He also seeks some sort of dentures, fair treatment, and equal opportunity for all inmates at the jail. He seeks compensation for these alleged injustices, but states "I have no idea how much teeth cost and no idea how to put a price on them or other injustices I was subject to at the St. Charles County Jail."

**Discussion**

Because plaintiff is proceeding without prepayment of fees and costs, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal. However, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below.

A.   Deficiencies in Complaint

Plaintiff's claims against the St. Charles County Jail must be dismissed. The St. Charles County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Similarly, plaintiff's official capacity claims against Officer Jenson are treated as being made against St. Charles County, his employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). Plaintiff has not sufficiently alleged a municipal liability claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff does not attribute any

alleged violation to any unconstitutional policy, custom, or failure to train on the part of the county itself.

Even if plaintiff had sued defendant Officer Jenson in his individual capacity, he has not demonstrated Jenson's direct responsibility for a constitutional harm. It is unlikely that Jenson's comments to plaintiff about his pureed food rise to the level of a constitutional violation. It is possible, however, that the officer or medical staff responsible for plaintiff suffering for thirty-five days with broken teeth and nerve damage may be liable for a constitutional violation. The Court does not have nearly enough factual information to make this determination, and plaintiff has not named as a defendant the person or persons responsible for this harm.

Rather than dismissing the complaint, plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below. Failure to follow these instructions may result in the dismissal of this action.

B.   Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the form, plaintiff should clearly name each party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add sheets of paper. However, all defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

-6-

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). For example, plaintiff's allegations of deliberate indifference to a serious medical need and his allegations regarding the tablets in the cells are not part of the same transaction or occurrence. Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused

of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $6.08 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the

Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

Dated this 18th day of October, 2022.

_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE