UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M COSENTINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00426-DDN |
| | ) |
| ST. CHARLES COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Timothy M. Cosentino's amended complaint pursuant to 28 U.S.C. § 1915(e). Based upon a review of the amended complaint, the Court finds that plaintiff's claims against defendants may survive initial review under 28 U.S.C. § 1915(e)(2)(B) if plaintiff could name the proper capacity in which he is suing defendants. As such, plaintiff will be given twenty-one days to amend his complaint by interlineation.[1]

### Legal Standard on Initial Review

This Court is required to review a complaint filed without prepayment of fees and costs, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be

---

[1] The Court notes that it is rare for it to allow a plaintiff to amend a complaint by interlineation. Because plaintiff needs only address the capacity in which he intends to sue defendants, however, the Court finds it appropriate to allow an amendment by interlineation. *See Brookings v. Renshaw*, 2016 WL 687821, *3 (E.D. Mo. Feb. 19 2016) (allowing amendment by interlineation to allege capacity in which plaintiff sues defendants).

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

## Background

Originally, plaintiff brought this claim pursuant to 42 U.S.C. § 1983 against defendants the St. Charles County Jail and Officer Jenson. Plaintiff alleged he cracked three teeth while eating uncooked beans served for dinner at the St. Charles County Jail. The cracked teeth exposed nerves and caused plaintiff extreme pain. His complaint alleged defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

After conducting an initial review of plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court instructed plaintiff to file an amended complaint. The Court identified the following defects with plaintiff's original complaint: (1) defendant St. Charles County Jail is not an entity subject to suit; (2) defendant Officer Jenson was sued only in his official capacity, not his individual capacity, which required his dismissal; and (3) plaintiff did not demonstrate

defendant Officer Jenson's direct responsibility for any constitutional harm. The Court instructed plaintiff to file an amended complaint to cure these deficiencies. *See* ECF No. 6.

## The Amended Complaint

As instructed by the Court, plaintiff has filed an amended complaint. Named as defendants in the amended complaint are Officer Jenson and unknown "medical staff," that is, the nurses and dentist at the St. Charles County Jail. Again, plaintiff names defendants only in their official capacities.

Plaintiff alleges that on January 28, 2022, he cracked three teeth on uncooked beans served for dinner at the St. Charles County Jail. He submitted a medical request immediately. Not until March 4, 2022 were plaintiff's teeth pulled. In the meantime, Officer Jenson and the nurses at the jail stopped his pain medications on three separate occasions. "[I] was forced to endure the pain and not be able to eat until they resubmitted another medical request and got it approved again." Plaintiff states he had to endure the pain and throbbing all night long and suffered severely on several occasions.

For relief, plaintiff seeks $150,000 in actual and punitive damages.

## Discussion

In his amended complaint, plaintiff has sued defendants only in their official capacities. As the Court discussed in its prior memorandum and order, naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff identifies the individual defendants as employees at the St. Charles County Jail. However, county jails are not entities that can be sued under § 1983, *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th

Cir. 1992), and the complaint contains no allegations that sufficiently state a plausible municipal liability claim. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Because plaintiff has alleged no municipal liability, his allegations against defendants brought in their official capacities are subject to dismissal.

Nevertheless, the Court is willing to give plaintiff an opportunity to amend his amended complaint, by interlineation, to state the capacity in which he is suing defendants. In order to amend his complaint by interlineation, plaintiff need only file a document with the title "Amendment by Interlineation," and state whether he is suing defendants in their official capacities or their individual capacities or in both their official and individual capacities. After plaintiff files the "Amendment by Interlineation," the Court will again review plaintiff's claims against defendants to ascertain whether he states a claim against each of them.

Plaintiff will be given twenty-one days in which to file the "Amendment by Interlineation." If this document is not filed on time, the Court will dismiss this action without prejudice and without further notice to plaintiff.

*Motion to Appoint Counsel*

Plaintiff has filed another motion to appoint counsel. As the Court stated in its prior memorandum and order, a pro se litigant does not have a constitutional or statutory right to appoint counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers

-4-

relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Specifically, as discussed above, the Court has determined that plaintiff's complaint is deficient, and has ordered him to file an amendment. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a document titled "Amendment by Interlineation" within twenty-one days of the date of this memorandum and order, stating the capacity in which he is suing defendants.

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amendment by interlineation within twenty-one days of the date of this memorandum and order will result in a dismissal of this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED as moot** as this application has previously been granted. [ECF No. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 8]

Dated this 8th day of March, 2023.

_David D. Noce_
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE