# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY M COSENTINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00426-JSD |
| ) | |
| ST. CHARLES COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court following self-represented plaintiff Timothy Cosentino's amendment by interlineation to the amended complaint.[1] On initial review, the Court will order the Clerk of Court to issue process as to defendant Officer Jenson in his individual capacity.[2] The Court will dismiss without prejudice all claims brought against St. Charles County, the Unknown Dentist, and the individual defendants in their official capacities for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## Background

Plaintiff filed his original 42 U.S.C. § 1983 complaint against defendants the St. Charles County Jail and Officer Jenson. Plaintiff alleged he cracked three teeth while eating uncooked beans served for dinner at the St. Charles County Jail. The cracked teeth exposed nerves and caused plaintiff extreme pain. His complaint alleged defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

---

[1] On March 8, 2023, the Court allowed plaintiff to file an amended complaint, by interlineation, to state the capacity in which he was suing defendants. *See* ECF No. 14 at 4.

[2] Plaintiff alternates between spelling this defendant's name as Jensen and Jenson. For ease, the Court will refer to this defendant at Officer Jenson.

On the Court's initial review of plaintiff's original complaint under 28 U.S.C. § 1915, it noted that the complaint was deficient and subject to dismissal. The Court, however, gave plaintiff an opportunity to file an amended complaint. Specifically, the Court stated plaintiff's claims against the St. Charles County Jail were subject to dismissal because it was not a legal entity amenable to suit. Similarly, the Court found that any official capacity claims brought against Officer Jenson were subject to dismissal, because plaintiff had not alleged any municipal liability. Finally, the Court stated that plaintiff's claims against Officer Jenson brought in his individual capacity were subject to dismissal because it was unlikely that Jenson's comments to plaintiff about his puréed food rose to the level of a constitutional violation. The Court then advised plaintiff that it was possible that the officer or medical staff responsible for plaintiff suffering for thirty-five days with broken teeth and nerve damage may be liable for a constitutional violation. The Court allowed plaintiff to file an amended complaint.

Plaintiff filed his amended complaint naming as defendants St. Charles County, Officer Jenson, Unknown Dentist, and Unknown Nurses at the St. Charles County Jail. Again, however, plaintiff named defendants only in their official capacities. The Court advised plaintiff again that any claims brought against defendants only in their official capacities were subject to dismissal. ECF No. 14 at 3. The Court stated, however, that it would give plaintiff an opportunity to amend his amended complaint, by interlineation, to state the proper capacity in which he was suing defendants. The Court instructed plaintiff that he need only file a document with the title "Amendment by Interlineation," and state whether he was suing defendants in their official capacities, their individual capacities, or both in their official and individual capacities. The Court stated that after plaintiff filed an Amendment by Interlineation, the Court would review plaintiff's amended complaint to ascertain whether it passed initial review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has filed his Amendment by Interlineation. He states, "Plaintiff is suing officer Jenson and nurses and dentist at St. Charles County Jail in [their] individual capacities and [their] official capacities." Plaintiff's amended complaint (as amended again by interlineation), is now before the Court for initial review.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees and costs if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented plaintiff's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### The Amended Complaint

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 claiming defendants violated his constitutional rights when they failed to properly treat his broken teeth. At all relevant times, plaintiff was a pretrial detainee being held at the St. Charles County Jail in St. Charles, Missouri. He names as defendants St. Charles County, Officer Unknown Jenson, Unknown Dentist, and the Unknown Nurses at the jail. He sues all defendants in both their individual and official capacities. *See* ECF No. 15.

Plaintiff's allegations concern the medical treatment of three broken teeth. On January 28, 2022, plaintiff cracked three teeth while eating uncooked beans served for dinner at the St. Charles County Jail. The cracked teeth exposed nerves and caused plaintiff extreme pain. Plaintiff alleges he could not eat due to this pain. He could eat only puréed foods. He immediately submitted a medical request, but it took the jail until March 4, 2022—thirty-five days—to finally pull his three teeth.

In the meantime, plaintiff was prescribed pain medications, but on three separate occasions Officer Jenson and Unknown Nurses at the jail stopped his pain medications. He was left in pain and unable to eat. "I had to endure the pain and throbbing all night long, leaving me to suffer for hours on end. I suffered severely on [three] separate occasions." Plaintiff alleges he could feel his heart beating through his teeth.

For relief, plaintiff seeks actual damages of $50,000 and punitive damages of $100,000.

## Discussion

At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth

Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *see also Davis v. Buchanan Cnty., Mo.*, 11 F.4th 604, 624 (8th Cir. 2021).

With regard to prescribed medications, "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." *Phillips v. Jasper County Jail*, 437 F.3d 791, 796 (8th Cir. 2006). That is, "[w]hen an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka County*, 827 F.3d 749, 757 (8th Cir. 2016); *see also Foulks v. Cole Cty., Mo.*, 991 F.2d 454, 455-57 (8th Cir. 1993) (holding there was liability where jail officials disregarded an instruction sheet from the plaintiff's doctor, ignored complaints of sickness and pain, and refused requests for medical care); *Ellis v. Butler*, 890 F.2d 1001, 1003 (8th Cir. 1989) (reversing district court dismissal because district court could not determine, without speculation, whether the failure to deliver inmate's "pain medication was due to negligence or deliberate indifference"); and *Majors*

*v. Baldwin*, 456 Fed. App'x 616, 617 (8th Cir. 2012) (holding that plaintiff had stated a deliberate indifference claim where defendants withheld prescribed pain medication and did not provide adequate post-operative treatment).

*Defendant St. Charles County*

Section 1983 liability against municipalities and other local government units is limited. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be stated to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*; *see also Kiefer v. Isanti Cnty., Minn.*, No. 22-1499 at 4 (8th Cir. Jun. 29, 2023) (finding county cannot be held liable under § 1983 unless it violated an official policy, unofficial custom, or was deliberately indifferent in training and supervision).

To state an actionable § 1983 claim against a municipal defendant, a plaintiff must plead that his or her constitutional rights were violated as a result of (i) some policy or custom adopted by the municipal defendant, or (ii) a clearly identifiable lack of adequate training by the municipal defendant. *City of Canton v. Harris*, 489 U.S. 378, 386-87 (1989). Conclusory allegations will not support a claim of municipal liability—there must be factual allegations describing the specific policy or custom, or the specific training deficiency on which the claim is based. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Because plaintiff has not alleged St. Charles County violated any official policy, unofficial custom, or failed to train and supervise its employees, plaintiff's claims against St. Charles County must be dismissed. *See De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

*Defendant Officer Jenson*

Plaintiff alleges Officer Jenson was aware of plaintiff's broken teeth and his need for pain medication. He states Jenson was deliberately indifferent to his serious medical needs by waiting thirty-five days before sending plaintiff to the dentist and by stopping his pain medications on three occasions. The Court finds on initial review that plaintiff has stated a plausible claim that defendant Officer Jenson acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. The Court will issue process on Officer Jenson in his individual capacity.

As discussed in the Court's prior memoranda and orders dated October 18, 2022 and March 8, 2023, plaintiff's official capacity claims against Officer Jenson are treated as being made against St. Charles County, his employer. ECF Nos. 6 at 5-6, 14 at 3-4; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). Because plaintiff has failed to state a claim against St. Charles County, *see supra* at 6, plaintiff's claims brought against Officer Jenson in his official capacity must be dismissed.

*Defendant Unknown Nurses and Unknown Dentist at St. Charles County Jail*

Plaintiff also alleges certain Unknown Nurses and an Unknown Dentist at the St. Charles County Jail were deliberately indifferent to his medical needs. In general, unknown parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, dismissal is only proper "when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). An action may proceed against an unknown party as long as the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Here, plaintiff makes specific allegations against the Unknown Nurses treating him between January 28, 2022 and March 4, 2022. He states that they discontinued his pain medications three separate times during the thirty-five days he suffered broken teeth and exposed nerves at the St. Charles County Jail. It is likely these Unknown Nurses will be identified during discovery. The Court will allow these Unknown Nurses to remain parties to this action.[3]

As to the Unknown Dentist, however, plaintiff makes no specific allegations against the dentist of deliberate indifference to a serious medical need. Based on plaintiff's amended complaint, the first time he saw the Unknown Dentist, the dentist treated him by pulling his teeth. Plaintiff's allegations of deliberate indifference relate to the thirty-five days he waited to be seen by the dentist and the discontinuation of his pain medications three times during this time period. Because he has made no claims of deliberate indifference against the Unknown Dentist, the Court will dismiss the Unknown Dentist without prejudice.

For these reasons, the Court will order the Clerk of Court to issue process on Officer Jenson in his individual capacity. The Court will dismiss without prejudice plaintiff's complaint as to defendant St. Charles County and the Unknown Dentist. Finally, the Court will dismiss all claims brought against the individual defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue as to defendant Officer Jenson in his individual capacity.

---

[3] After Rule 26 disclosures, the Court may grant plaintiff leave to file an amended complaint to specifically name the Unknown Nurse defendants. The deadline for filing an amended complaint to name these Unknown Nurses will be addressed in the Court's case management order.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against St. Charles County, the Unknown Dentist, and the individual defendants in their official capacities are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  29th day of   June, 2023.

                                          HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE